**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America,<br><br>　　　　　Plaintiff,<br><br>v.<br><br>Mary Alice Reed,<br><br>　　　　　Defendant. | No. CR-18-00310-001-PHX-DJH<br><br>**ORDER** |

Defendant Mary Alice Reed, an inmate housed at the Federal Correctional Institution, Dublin, CA, filed a Motion for Compassionate Release pursuant to 18 U.S.C. 3582(c)(1)(A). (Doc. 26). The Government filed a Response in opposition. (Doc. 27). The Defendant has filed a Supplement to her Motion (Doc. 34) to which the Government has filed a Response (Doc. 36). The Defendant subsequently filed a Reply (Doc. 39). The Court will deny Defendant's Motion for the reasons that follow.

**A.   Background**

The Defendant was sentenced to a seven-year term of custody on August 20, 2018. She was convicted of Possession with Intent to Distribute Methamphetamine in violation of Title 21 U.S.C. §§ 841(a)(1) and (b)(1)(B)(viii). (Doc. 24).

Defendant brings her Motion pursuant to 18 U.S.C. § 3582(c)(1)(A), which was recently modified by the First Step Act of 2018. *See* Pub. L. No. 115-391, § 603. That statute provides:

> The court may not modify a term of imprisonment once it has been imposed except that –

(1) In any case –

(A) the court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prison to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment . . . after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that –
  (i) extraordinary and compelling reasons warrant such a reduction[.]

18 U.S.C. § 3582(c).

**B.  Analysis**

  **a.  Exhaustion of Remedies – Jurisdictional Bar**

This Court "may not modify a term of imprisonment" unless the Congressionally mandated exception is present. 18 U.S.C. § 3582(c). That exception is present when either the motion to modify sentence is brought by the Bureau of Prisons ("BOP") "or upon motion of the defendant *after* the defendant has *fully exhausted all* administrative rights to appeal[.]" 18 U.S.C. § 3582(c)(1)(A) (emphasis added). The statutory language is unambiguous and not waivable. *See United States v. Weidenhamer*, 2020 WL 1929200 *2 (D. Ariz. Apr. 21, 2020) ("If the statutory language contains mandatory language . . . a court may not excuse a failure to exhaust") (citing *Ross v. Blake,* 136 S. Ct. 1850, 1858 n.2 (2016)). Thus, the statute prohibits this Court from acting without a showing by Defendant that she has exhausted her available BOP administrative remedies.

In her Motion, Defendant claimed to have "submitted a BP9 to the Warden, Mr. Jenkins II on 04/13/20, with no response," stating that this is all that is required for exhaustion. (Doc. 26 at 1). The Government disagrees, stating that on review of the administrative requests to the Federal Bureau of Prisons ["FBOP"] none had been filed by the Defendant as of May 23, 2020. (Doc. 27 at 1). Defendant's Supplement retorts that "a failure of the Bureau of Prisons to being [sic] a motion to the Court on her behalf; and/or 2) the lapse of thirty days from the receipt of her request by the Warden of Ms. Reed's

facility has occurred." (Doc. 34 at 5). The Defendant contends that she has fully exhausted her administrative remedies because "[s]ec. 3582(c)(1)(A) does not contain a full-fledged exhaustion requirement." (*Id.*). In its Response, the Government attaches Defendant's July 8, 2020 request for compassionate release. (Doc. 36-1). Also attached is the Warden's response to that request stating, "[a] review of this matter reveal [sic] the following. You have not yet filed for compassionate release to the Warden's office for response." Although pointing out the Defendant's procedural error, the Warden nonetheless determined to initiate a review on her request. (*Id*.). The Government states that, as of August 20, no determination had been made. (Doc. 36 at 1). The Government does not, however, clearly state whether the Defendant has exhausted her administrative remedies.

As stated above, to address the merits of her compassionate release complaint, the Court must be satisfied that it has jurisdiction to do so. That is, that she has exhausted her administrative remedies. The Defendant bears the burden to show that she has exhausted her administrative rights of appeal. On this record, the Court finds that she has. First, it is hard to conceive of why, in April, she would have filled out a compassionate release request without submitting it to the FBOP Warden. Moreover, it is not inconceivable that the FBOP simply lost her request, or failed to log it into their records. Second, she apparently believed she had correctly filed a request because she then filed a second request on June 25, 2020. *See* (Doc. 36-1) ("This is my 2nd Request I'm Sending In."). Third, although the Warden may treat the Defendant's second request as her original, the Court sees no benefit in delaying a decision thereon.[1]

Even assuming that the Defendant has not exhausted her administrative rights to appeal the Warden's decision or failure to make one, her Motion does not meet the extraordinary and compelling reasons making her eligible for compassionate release.

### b. Extraordinary and Compelling Reasons?

The First Step Act cross-references the sentencing commission's policy statement

---

[1] It is indeed the preferred course to have the Warden's views on a prisoner's compassionate release request, given his familiarity with the detainee's circumstances. However, the Court's delay in doing so now, would unfairly extend the time in which such decision could have been made in this Defendant's circumstances.

for considering what is an extraordinary and compelling reason. Pertinent to Defendant, sentencing guideline section 1B1.13 n. 1 defines "extraordinary and compelling reasons" for compassionate release to include: "The defendant is suffering from a terminal illness (i.e., serious advanced illness with an end of life trajectory)[;] . . . a serious physical or medical condition . . . that substantially diminishes the ability of the defendant to provide self-care within the  . . . correctional facility[;] and . . . [a] defendant who is at least 65 years old . . . ." U.S.S.G. § 1B1.13 cmt. 1(A)-(B). The Defendant also invokes USSG. 1B113n. 1D stating that the Court may consider "other reasons" in finding her eligible for release. Defendant has not met her burden to show that she fits within these criteria.

The Defendant lists the following medical conditions: Diabetes, Rheumatoid Arthritis, body mass index of over 40, and hypertension. (Doc. 26 at 3). She lists taking the following medications:  insulin injections, Humira Lisinopril, Methotrexate and Astrovastatin. (*Id*. at 7). She argues that "[h]er medical conditions will have severe repercussions to her immune system, and once her immune system breaks down, there is a good possibility that she may join the nearly one million people who have died after contracting the Corona Virus." (Doc. 34 at 3). The Government concedes that the Defendant has medical conditions that are listed in the CDC's criteria for those at a higher risk of severe illness if they contract COVID-19. (Doc. 27 at 1-2). They nonetheless assert that she is ineligible for her requested compassionate release. The Court agrees.

First, although the Defendant's health conditions require regular medication, she does not assert that she is suffering from a terminal illness or that she suffers from a serious physical or medical condition, or  from a serious functional or cognitive impairment or deteriorating physical or mental health due to the aging process that substantially diminishes her ability to provide self-care within the correctional environment. To the contrary, she appears to be on a regulated health care plan, and she has participated in multiple educational programs in the facility. *See* (Doc. 26 at 5) (Doc. 39 at 4). Moreover, if released, she intends on finding employment, volunteering in the community and continuing her education. (Doc. 34 at 4). Obviously, she does not currently meet the

criteria set forth in U.S.S.G. § 1B1.13, application note 1(A).

Second, the Government points out that FCI Dublin, where the Defendant is currently incarcerated, "has 0 active cases among inmates and staff, 15 pending inmate tests, and only 1 historical inmate test (with 1 recovery)." (Doc. 36 at 1-2). The Defendant does not contest these assertions and acknowledges that no one in FBOP Dublin has been "identified or released according to the CARES Act". (Doc. 26 at 4). Instead, her Motion and Reply rely almost exclusively on broad generalizations about the pandemic, the rates of national infection, and inmates, in other correctional facilities, who have succumbed to COVID-19. In essence, she is concerned about what *may* happen *if* she contracts COVID. Yet, as other courts have recognized, requests for compassionate release based on the presence of COVID, without more, does not arise to an extraordinary and compelling reason for release. *See United States v. Esparza*, 2020 WL 2838732, at 2 (S.D. Cal. June 1, 2020) (citing cases); *see also United States v. Partida*, 2020 WL 3050705 at *6 (D. Ariz. June 8, 2020) (citing cases). The Defendant, therefore, has not met the requirements for extraordinary and compelling reasons.[2]

Accordingly,

**IT IS ORDERED** denying Defendant's Motion for Compassionate Release (Doc. 26).

Dated this 9th day of October, 2020.

Honorable Diane J. Humetewa
United States District Judge

---

[2] Having so found, the Court need not consider the 18 U.S.C. § 3553(a) factors, as it did when it sentenced the Defendant to seven-years in federal custody followed by eight-years on supervised release. (Doc. 24).